MANDATE

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-three.

PRESENT: JOSÉ A. CABRANES,
SARAH A. L. MERRIAM,
*Circuit Judges*,
JENNIFER L. ROCHON,
*District Judge*.*

_____

DONTIE S. MITCHELL,

*Plaintiff-Appellant*,

v. No. 21-2784-pr (L); 22-507-pr (Con)

ANTHONY J. ANNUCCI, Acting Commissioner, sued in their individual and/or official capacities; JEFF MCKOY, Deputy Commissioner, sued in their individual and/or official capacities; CHRISTOPHER MILLER,

---

* Judge Jennifer L. Rochon of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 01/08/2024

Superintendent, sued in their individual and/or
official capacities; DAVID BARRINGER,
Deputy Superintendent, sued in their individual
and/or official capacities,

       *Defendants-Appellees*,

IMAM ELMI, Coordinating Chaplain, sued in
their individual and/or official capacities, PHIL
MELECIO, Deputy Superintendent,
REYNOLD, Grievance Sergeant,

       *Defendants.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ALICE BUTTRICK (Alexandra A.E. Shapiro, Charles Eric Hintz, *on the brief*), Shapiro Arato Bach LLP, New York, NY. |
| FOR DEFENDANTS-APPELLEES: | LAURA ETLINGER, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-appellant Dontie S. Mitchell, proceeding on appeal through pro bono counsel, appeals the district court's order granting summary judgment to defendants on all of his claims. See Mitchell v. Annucci, No. 9:19CV00718(MAD), 2022 WL 445039,

at *4 (N.D.N.Y. Feb. 14, 2022). Mitchell also appeals an earlier order of the district court denying his requests to file supplemental briefing and a motion for a temporary restraining order. We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision.

Mitchell, proceeding pro se in the district court, brought a variety of claims relating to his incarceration at the Great Meadow Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). At issue in this appeal are Mitchell's allegations related to his efforts to organize a chapter of the Ujamaa Fraternal Dynasty ("UFD"), an organization he founded, at Great Meadow. Mitchell alleges that the defendant-appellee DOCCS officials improperly denied his application to establish a UFD chapter and subsequently punished Mitchell and others for possessing UFD literature and engaging in activities related to UFD. See App'x at 114, 463-65. Mitchell brings claims pursuant to 42 U.S.C. §1983 seeking declaratory, injunctive, and monetary relief, alleging that defendants-appellees violated his First Amendment rights.

In April 2021, defendants moved for summary judgment. Mitchell opposed defendants' motion and cross-moved for summary judgment. While the cross-motions for summary judgment were pending, Mitchell was released from DOCCS custody. At defendants' request, the court permitted the parties to file supplemental briefing to address the impact of Mitchell's release on the pending summary judgment motions. Defendants argued that Mitchell's release mooted his claims for injunctive and

declaratory relief against all defendants. Mitchell argued that DOCCS's treatment of UFD as an "unauthorized organization" continued to impair his First Amendment rights by limiting his ability to communicate with incarcerated individuals about UFD or to organize chapters of UFD in DOCCS facilities. See App'x at 506-08.

Mitchell then sought permission to file[1] a second supplemental response to defendants' summary judgment motion, and for permission to file a motion for a temporary restraining order ("TRO") restraining defendants from "interfering with [his] communications with incarcerated members and prospective members of UFD." App'x at 511-12. The district court denied these requests. See Spec. App'x at 1.

On January 20, 2022, the Magistrate Judge issued a report and recommendation ("R&R") recommending that Mitchell's claims for declaratory and injunctive relief be dismissed as moot due to his release from DOCCS custody, and that defendants' motion for summary judgment be granted as to Mitchell's claims for damages. See Spec. App'x at 3. Mitchell objected to the R&R's findings concerning mootness, reiterating his argument that DOCCS's treatment of UFD continued to burden his First Amendment rights; he did not object to the R&R's findings concerning his claims for damages.

The District Judge adopted the R&R over Mitchell's partial objection, granted defendants' motion for summary judgment in its entirety, and denied Mitchell's cross-motion for summary judgment. See Mitchell, 2022 WL 445039, at *6.

---

[1] On June 16, 2020, having issued Mitchell several warnings that continued "frivolous filings" would result in the imposition of sanctions, the district court barred Mitchell from filing any further submissions without first obtaining leave of the court.

4

"We review the district court's decision to grant summary judgment de novo, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 69 (2d Cir. 2015) (citation and quotation marks omitted). "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (citation and quotation marks omitted).

I. **Declaratory and Injunctive Relief**

Mitchell appeals the district court's finding that his claims for injunctive and declaratory relief were rendered moot by his release from custody. See Mitchell, 2022 WL 445039, at *5-6.

"Mootness is a question of law that we review de novo." White River Amusement Pub, Inc. v. Town of Hartford, 481 F.3d 163, 167 (2d Cir. 2007). It is settled law in this circuit that an inmate's transfer or release "from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (collecting cases); see also Walker v. Schult, 45 F.4th 598, 621 (2d Cir. 2022) (Plaintiff's "claims for equitable relief . . . became moot in 2016 when he was released from prison.").

We agree with the district court that Mitchell's release mooted his claims for declaratory and injunctive relief. As the Magistrate Judge reasoned, Mitchell is "no longer in a position to submit a request to form a . . . chapter of UFD" as an inmate organization in any DOCCS facility, because he is not an inmate. Spec. App'x at 28.

"[T]hus, [Mitchell] will not be subject to any action" by defendants "that could be taken in response to such a request." Id. Additionally, Mitchell is no longer subject to any restriction on his possession of UFD materials, and of course he is not exposed to any disciplinary action by defendants-appellees. See Mitchell, 2022 WL 445039, at *5.

Mitchell argues on appeal – as he did in his objection to the R&R – that defendants' denial of the application to recognize UFD as an approved organization continues to burden his First Amendment rights because it denies him the opportunity to organize and support prison chapters of UFD in DOCCS facilities. See Appellant's Br. at 38. But that is not what this case, as pled by Mitchell, is about. The amended complaint alleges that defendants violated Mitchell's right, as an incarcerated person, to associate with other incarcerated individuals through an inmate organization. See, e.g., App'x at 98-99 (seeking a declaration regarding "the depriving of a prisoner's personal liberties and freedoms" and an order "enjoining the defendants from unreasonably depriving prisoners of their personal liberties and freedoms"); App'x at 108 (describing proposed class as "Mitchell and those similarly situated as prisoners within DOCCS"). The complaint does not allege that defendants' conduct violates Mitchell's distinct right, as a non-incarcerated individual, to engage in expressive association with individuals still incarcerated in DOCCS. Cf. Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision, 16 F.4th 67, 78-79, 82-86 (2d Cir. 2021) (acknowledging that non-incarcerated plaintiffs may have standing to challenge prison regulations that impact their own First Amendment rights, but differentiating between claims of incarcerated and non-incarcerated plaintiffs), cert.

6

denied sub nom. Green Haven Preparative Meeting v. N.Y. State Dep't of Corr. & Cmty. Supervision, 142 S. Ct. 2676 (2022).

Mitchell might in fact be able to assert viable claims that his rights as a non-incarcerated person are infringed by DOCCS policies; indeed, he has filed a separate action bringing just such claims.[2] But he cannot amend his complaint in this matter to encompass those claims simply by making arguments on appeal. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998); see also Gachette v. Metro N.-High Bridge, 722 F. App'x 17, 21 (2d Cir. 2018) (summary order) (finding that claims raised by pro se plaintiff in argument, but not alleged in the complaint, were not properly before the court). Mitchell's distinct claims concerning his First Amendment rights as a non-incarcerated person are not before us in this matter, and Mitchell's declaratory and injunctive relief claims, as pled, were mooted by his release.

## II.     Claims for Damages

A plaintiff's release from custody does not moot his claims for damages. See Beyah v. Coughlin, 789 F.2d 986, 988-89 (2d Cir. 1986). The district court granted summary judgment to defendants on Mitchell's claims for damages on two distinct grounds. First, the district court found that defendants Annucci and Barringer were entitled to summary judgment because neither was personally involved with the denial of Mitchell's UFD application, or with the related conduct giving rise to his claims. See

---

[2] See Mitchell v. Annucci, No. 9:20CV01407(TJM), 2021 WL 5112078 (N.D.N.Y. Nov. 3, 2021). Mitchell's appeal from the dismissal of that action is being heard in tandem with the instant appeal. See Mitchell v. Annucci, No. 21-2978-cv (2d Cir. argued Oct. 26, 2023).

Mitchell, 2022 WL 445039 at *2-4. Second, the district court found that all other defendants were entitled to summary judgment on the basis of qualified immunity. See id. at *3-4.

Defendants-appellees contend that Mitchell has waived appellate review of the district court's grant of summary judgment on his claims for damages because he failed to object to the Magistrate Judge's findings on these issues. See Appellees' Br. at 41-42. It is well-established "that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." Cardoza v. Rock, 731 F.3d 169, 182 n.7 (2d Cir. 2013). The Magistrate Judge's R&R provided Mitchell with notice that a failure to object would preclude any appellate review. See Spec. App'x at 36-37.[3] Mitchell contends that, construing his pro se submissions liberally, we should find his objection to other portions of the R&R sufficient to preserve his right to challenge the R&R's conclusion regarding his damages claims. See Reply Br. at 25. Mitchell further contends that even if he waived any objection, we should excuse the waiver "in the 'interests of justice.'" Id. at 26 (quoting Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000)).

---

[3] It is also noteworthy that this is not Mitchell's first experience with federal litigation, nor indeed with objections to recommended rulings. See Obj. to Rep. and Recommendation, Doc. #153, Mitchell v. Cuomo, et al., 9:17CV00892(TJM) (N.D.N.Y. Sept. 17, 2020) (objection by Mitchell to R&R in which Magistrate Judge recommended granting defendants' motion for summary judgment).

8

Mitchell has waived his right to challenge the ruling granting summary judgment on his claims for damages. Mitchell was clearly warned of the consequences of failure to object. See Spec. App'x at 36-37 (requiring any objections to be filed within fourteen days and warning, in bold type: "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**"); cf. Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (finding that a pro se litigant is on notice of the possibility of waiver where the R&R clearly states that failure to object will "preclude appellate review" (citation and quotation marks omitted)). Mitchell knew he could object, because he did object, filing a clearly stated, timely, type-written objection to the R&R's findings concerning mootness. See App'x at 516-17. The objection does not mention qualified immunity or personal involvement. It makes no reference to claims for damages. It objects forcefully to the finding that his release moots some of his claims, and only to that finding. By declining to object to the substantial portions of the R&R that address his claims for damages, see Spec. App'x at 29-35, Mitchell waived any objection to those holdings. See Wright v. Goord, 554 F.3d 255, 271-72 (2d Cir. 2009) (finding that a pro se litigant who had objected only to certain portions of the Magistrate Judge's R&R "waived his right to challenge . . . on appeal" a basis for dismissal to which he did not object). Furthermore, we do not agree with Mitchell that we should excuse his waiver in the interests of justice. Accordingly, we affirm the grant of summary judgment to defendants-appellees on Mitchell's claims for damages.

### III. Request for Leave to File Motion for TRO

Mitchell also appeals the district court's denial of his request for permission to file a motion for a TRO. Conceding that we ordinarily would not review this interlocutory order, Mitchell asks that we construe the order as one denying a motion for a preliminary injunction. But however we construe the relief sought, the result is the same. As previously stated, all of Mitchell's claims for injunctive or declaratory relief in this matter – whether preliminary or permanent – are mooted by his release from custody.

* * *

We have considered Mitchell's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit